[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action were married in Tarrytown, New York, on October 8, 1977. It is: a first marriage for both. Three children have been born to the plaintiff wife ("wife") since the date of the marriage, two of whom have already reached their majority. The youngest, Lorelei, was born March 20, 1990. The parties have been separated for nearly three years. The minor child resides with the wife at the family home in Old Greenwich. The defendant husband ("husband") lives in his father's house in Queens, New York.
The husband is 52 years old and in good health. He has a high school education. He is employed as a project manager for an electrical contractor and earns approximately $96,000 per year. In fact, he has been employed in that field for more than thirty years. Under the terms of his union contract, he is also eligible to receive some additional payments from a Security Benefit Fund. In the past, he has used some of these monies to pay for the college education of their oldest son. He participates in several benefits including health insurance (paid by the union), a 401(k) plan, and an annuity through his union.
The wife is 48 years old and also in overall good health, with the exception of a progressive and permanent hearing loss. She has a B.A. in Fine Arts from the School of Visual Arts in Manhattan, and currently teaches part-time in the preschool program at St. Agnes School in Greenwich during the school year. In the summer, she works at a camp program for what she describes as a "summer salary." Her annual earnings from employment are approximately $14,000. She is also an artist in her own right and is pursuing that career. Along those lines, she testified that she takes private commissions from time to time ranging from $600.00 to $1600.00. Earlier in the marriage, she had done work as a graphic illustrator, but she said that most of that work is now computer generated and that she lacks those skills.
The principal asset of the parties is the jointly-owned residence in Old Greenwich. Originally purchased in 1992 for $410,000, it has a current fair market value of $750,000. The purchase price came from the proceeds from the sale of marital properties in New York, to which each party and their respective families contributed over the course of the marriage. The initial mortgage in the amount of $120,000 has been paid down to $8,000 primarily in keeping with the husband's goal of early retirement and financial independence by age 55. CT Page 5404
In addition, the parties have cars, IRAs, bank accounts and home furnishings.
As to the breakdown of the marriage, the principal fault lies with the husband, who according to the testimony of both parties, never adjusted to the three children. He felt that everything changed with the birth of the first child and got worse with each succeeding one. His resentment gradually evolved into anger. He loved his wife, but he was just not comfortable with the children, distancing himself, both physically and emotionally, to the point that she had the entire burden for their rearing. There was simply no emotional division of labor in the family. The two oldest children have had physical problems, and all three have had some continuing emotional or physical problems, in particular with the middle child Jordan. In addition, the husband was not supportive of the wife's artistic efforts during the marriage. He testified that he "did not encourage or discourage" her, and claimed that he felt that she was not getting the appropriate value for her work and that it was therefore "not cost effective." On the positive side, he did testify that lately he has been enjoying the company of his children and that communication with them has improved somewhat.
The parties entered into a Stipulation regarding custody and visitation. The court heard the remaining issues over the course of two days of trial.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-56, 46b-81, 46b-82, 46b-84, and46b-215a, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that the husband is primarily at fault.
4. That the parties have entered into a Stipulation (#113.10) dated October 10, 2001, regarding custody and visitation as on file with the court.
5. That the presumptive basic child support is $260.00 per week; and CT Page 5405 that the husband's share is $214.00.
6. That throughout the marriage, until their separation, both parties made significant contributions to the acquisition, maintenance, and preservation of the family assets, including the real estate.
7. That the fair market value of the real property located at 32 Center Drive, Greenwich, Connecticut, is $750,000; that there is an outstanding mortgage balance of $8,000.00; and that there is an equity in the amount of $742,000.
8. That the wife suffers from a progressive and degenerative permanent loss of hearing in both ears; that this condition effectively limits the wife's earning capacity; that this condition, as well as the length of the marriage and the fact that the wife bore the child rearing responsibilities virtually alone throughout the course of the marriage, were given significant weight by the court.
9. That the court was presented with limited evidence regarding the retirement assets accrued by the husband during his employment, specifically his annuity and his 401(k) plan; that a portion of same are marital assets subject to equitable division; that the husband accrued some of said retirement benefits prior to the marriage; that his employment in his present field commenced approximately five (5) years prior to marriage; that it is equitable and appropriate that the court take this into consideration in entering its orders and to reserve jurisdiction to decide any issues which may arise concerning the preparation and filing of appropriate orders equitably dividing same; that given the length of the marriage and the wife's continued child-rearing responsibilities, among other factors, it is appropriate to base the division of these assets on the entire length of the marriage, including the period of separation; and that it is equitable and appropriate that the court treat 80% of said assets as marital property.
10. That no credible evidence was presented to the court regarding the ownership and value of a certain cemetery plot, and the court therefore makes no orders concerning same.
11. That no credible evidence was presented to the court with regard to the existence of any life insurance by the husband, and the court hereby retains jurisdiction to enter any appropriate orders for the maintenance of life insurance by the husband in order to secure the financial orders of the court.
 ORDER
CT Page 5406
IT IS HEREBY ORDERED THAT:
1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
2. Custody of and visitation with the minor child shall be in accordance with the Stipulation of the parties dated October 10, 2001, as on file with the court, a copy of which is attached hereto and made a part hereof as Schedule A.
3. Commencing May 3, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $466.00 as and for periodic alimony, until the death of either party or the remarriage of the wife, whichever shall sooner occur. The foregoing notwithstanding, the husband shall have the right to petition the court for a modification or other appropriate relief ten (10) years from the date of this order or upon commencement of receipt of his retirement income from employment, whichever shall sooner occur. In addition, nothing shall prevent either party hereafter from seeking a modification based upon a substantial change of circumstances.
4. Commencing May 3, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $214.00 as and for basic child support for the minor child. In the event that the child is still in high school upon reaching her eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following her graduation from high school, whichever shall sooner occur pursuant to Section 46b-84 (b) C.G.S.
5. The wife shall have exclusive possession of the jointly owned real estate located at 32 Center Drive, Greenwich, Connecticut, subject to any existing indebtedness, — and she shall be responsible for the payment of all mortgages, liens, taxes, and insurance, and shall indemnify and hold the husband harmless from any further liability thereunder. As to said real estate, the parties shall list same for sale no later than April 1, 2007, with a mutually acceptable broker who is a member of the Multiple Listing Service or other similar organization, familiar with real estate values in the Greenwich area, at an agreed upon asking price. If the parties are unable to agree upon a broker, each shall choose a broker who, in turn shall pick third broker, and the listing price shall be the average of all three brokers. Unless the parties shall otherwise agree, they shall accept any bona fide offer without unusual conditions, which is within 3% of the listing price. Upon sale of the property, from the proceeds shall be paid the customary and ordinary costs associated with a sale of real estate, including broker and attorney fees, conveyance taxes, and any mortgages and liens. After the payment of CT Page 5407 these sums, the net proceeds shall be divided 65% to the wife and 35% to the husband.
While she occupies same, the wife shall have the sole responsibility for the payment of the balance of the mortgage or home equity, if any, and the payment of insurance and real estate taxes until transfer of title or sale. She shall have the sole responsibility for repairs costing $250 or less. Both parties shall share the cost of any maintenance, repairs, or replacements in excess of $250 in the same proportion as their share of the net proceeds. Either party may advance the full cost of same and an adjustment shall be made at time of sale or transfer. Neither party shall further encumber the property nor draw on any home equity without the agreement of the other. The Court shall retain jurisdiction with regard to any conflicts arising out of this issue.
6. Personal property shall be divided as follows:
A. The child's furniture shall remain in the wife's residence.
B. The home furnishings (other than the child's furniture) shall be divided as nearly equally as possible. In the event that the parties are unable to agree upon a division, the issue is hereby referred to Family Relations for resolution and recommendation.
C. Each party shall be entitled to keep the automobile which they are currently driving (whether owned or leased) free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same. Specifically, the wife shall be entitled to the 1995 Honda Passport and the husband the 1989 Toyota Corolla.
D. Other personal property:
(1) The husband shall be entitled to the current balances of his sole checking, savings, and money market accounts free and clear of any claims by the wife.
(2) The wife shall be entitled to the current balances of her sole checking, savings, and money market accounts free and clear of any claims by the husband.
(3) The current balances of any joint savings, checking, and money market accounts shall be divided equally by the parties.
(4) The husband shall be entitled to keep the current balance of his Security Benefit Fund free and clear of any claims by the wife. CT Page 5408
(5) The husband shall be entitled to keep his People's Securities Account free and clear of any claims by the wife.
7. The husband shall maintain and pay for health insurance for the minor child so long as he shall be obligated to pay child support. Unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child shall be divided by the parties, 65% by the husband and 35% by the wife. The provisions of Section 46b-84 (e) C.G.S. shall apply.
8. The husband shall promptly notify his union as to the change of marital status and shall, cooperate with the wife in obtaining continuation health insurance coverage as provided by state and, federal law. The wife shall be responsible for the payment of any premiums due for such coverage.
9. The retirement accounts shall be divided as follows:
A. As to the IBEW Local #3 401(k) Plan:
Effective as of the date of this Memorandum of Decision, eighty(80%) percent of the then balance of the 401(k) Plan ("Plan") of the husband through his union (IBEW Local #3), together with any interest and/or additions accrued thereon as of the actual date of distribution, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the attorney for the husband, 50% to the husband and 50% to the wife. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to the preparation and filing of the QDRO, including, but not limited to prior and current balances and prior account activity. No withdrawals, distributions, or transfers shall be made regarding the Plan except as consistent with this order. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
B. As to the IBEW Local #3 Annuity:
Effective as of the date of this Memorandum of Decision, eighty (80%)percent of that portion of the Annuity ("Plan") of the husband through his union (IBEW Local #3) and vested and accrued as of the date of this Memorandum of Decision, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the husband's attorney, 50% to the husband and 50% to the wife. Unless the parties shall otherwise agree, the husband shall elect a joint and survivor annuity, and in the event that the husband shall predecease the wife CT Page 5409 prior to payment of the monthly benefit upon retirement, the wife shall be entitled to 100% of that portion of the survivor benefit vested and accrued as of the date of this Memorandum of Decision. Any benefit vesting and accruing thereafter shall belong to the husband. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to the preparation and filing of the QDRO. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
C. As to the Individual Retirement Accounts of the wife:
The wife shall be entitled to maintain her Chase IRA/retirement accounts free and clear of any claims by the husband.
D. As to the Individual Retirement Accounts of the husband:
Within thirty (30) days from the date of this Memorandum of Decision, the husband shall transfer to one or both of the wife's existing IRAs or as she may otherwise direct, by means of a tax-free transfer, an aggregate sum of $3,000.00 total from any of his existing IRAs, the remaining balance of which he shall be entitled to free and clear of any claims by the wife.
E. Any attorney fees and costs incurred in the preparation and filing of the QDRO's shall be borne solely by the husband.
10. Except as otherwise set forth herein, the parties shall each be responsible for the debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon.
11. Within thirty (30) days from the date of this Memorandum of Decision, the husband shall' pay directly to counsel for the wife, the sum of $2,500.00. Otherwise, each party shall be responsible for their respective attorney's fees and costs incurred in connection with this action.
12. The wife shall be entitled to claim the personal exemption for the minor child commencing with the tax year 2002 and thereafter.
13. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
THE COURT CT Page 5410
SHAY, J.